# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>and<br><br>MISSISSIPPI COMMISSION ON ENVIRONMENTAL QUALITY<br><br>WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>    Plaintiff-Intervenors,<br><br>v.<br><br>ERGON REFINING, INC.<br><br>and<br><br>ERGON-WEST VIRGINIA, INC.,<br><br>    Defendants. | No. 3:03-CV-01140-HTW |

## ORDER

Before this court is the Joint Unopposed Motion to Terminate Consent Decree filed by Defendants Ergon Refining, Inc. ("ERI") and Ergon-West Virginia, Inc. ("EWVI"), the Plaintiff the United States of America, and Plaintiff-Intervenors the West Virginia Department of Environmental Protection and the Mississippi Commission on Environmental Quality, an agency of the state of Mississippi (collectively, "the Movants"). The parties also filed a Memorandum in Support of the Joint Unopposed Motion to Terminate Consent Decree.

The Defendant ERI operates a refinery at Vicksburg, Mississippi, and EWVI operates

a refinery at Newell, West Virginia. Plaintiff and Plaintiff-Intervenors sought civil penalties and injunctive relief from the Defendants ERI and EWVI, collectively referred to as "Ergon." The parties jointly move for termination of the Consent Decree entered on December 31. 2003 [doc. no. 12], in the above-captioned matter. The facts as stipulated by the parties in their joint motion are as follows.

## I. STATEMENT OF FACTS

"On December 31, 2003, this Court entered the Ergon Consent Decree (Dkt. No. 12), resolving the United States' and the Plaintiff-Intervenors' claims for civil penalties and injunctive relief for alleged violations of the Clean Air Act at the Vicksburg Refinery and the Newell Refinery. Paragraph 81 of the Ergon Consent Decree establishes the requirements for termination of the Consent Decree, and states as follows:

> Provisions of this Consent Decree relating to EWV and/or ERI, as applicable, shall be subject to termination upon motion by the United States or EWV and/or ERI (under the conditions identified in Paragraph 81.C). EWV and/or ERI, as applicable, must have satisfied all of the following requirements of this Consent Decree:
>
> i. installation of control technology systems as specified in this Consent Decree;
>
> ii. achieving compliance with all provisions contained in this Consent Decree;
>
> iii. paying all penalties and other monetary obligations due under the terms of the Consent Decree; no penalties or other monetary obligations due hereunder can be outstanding or owed to the United States, West Virginia, or Mississippi;
>
> iv. the completion of the projects set forth in Paragraphs 24 - 25;
>
> v. the receipt of permits incorporating the surviving emission limits and standards established under Section V [Affirmative Relief/ Environmental Projects];
>
> vi. EPA's receipt of the first calendar quarterly progress report following the conclusion of the operation for at least one year of each unit in compliance with the emission limits established herein; and
>
> vii. EWV and ERI has certified compliance and completion pursuant to Paragraph 81.A.i-vi and 81.B.i.-iv, to the United States and the Applicable State Agency in writing.

Paragraph 81 of the Consent Decree also establishes the process for its termination, stating as follows:

> EWV and ERI may certify completion of one or more parts of the Consent Decree provided all of the related requirements have been satisfied, as follows:
>
> i. Paragraphs 11-12: Heaters and Boilers;
>
> ii. Paragraph 14-16: Flaring Devices;
>
> iii. Paragraph 17: Benzene NESHAP; Paragraph 18: Leak Detection and Repair
>
> iv. Section VIII – Environmentally Beneficial Projects
>
> Within 180 days after EWV and/or ERI, as applicable, concludes that one or more parts of the Paragraph 81.B.i.-iv. have been completed, EWV and/or ERI, as applicable, may submit a written report to the Parties listed in Paragraph 77 (Notice) describing the activities undertaken and certifying that the applicable Paragraphs have been completed in full satisfaction of the requirements of this Consent Decree, and that EWV and/or ERI, as applicable, is in substantial and material compliance with all of the other requirements of the Consent Decree.

ERI and EWVI have satisfied these termination requirements regarding the Vicksburg Refinery and the Newell Refinery, respectively. In particular, on May 22, 2012, ERI and EWVI issued a certificate of compliance and completion to the United States and Plaintiff-Intervenors pursuant to Paragraphs 81.A.i-iv and 81.B.i-iv of the Consent Decree. (See Ex. A.) This certificate stated that ERI and EWVI have fully satisfied the applicable paragraphs of the Consent Decree and are in substantial and material compliance with all of the other requirements of the Consent Decree."

## II. DISCUSSION

Termination of the Ergon Consent Decree, as it applies to the Vicksburg Refinery and to the Newell Refinery, is appropriate because ERI and EWVI have satisfied all of the requirements of the Consent Decree; have operated the Vicksburg Refinery and the Newell Refinery in compliance with emissions limits specified in Section V of the Consent Decree for one year prior to the certification of compliance; and have satisfied all requirements for termination of the Consent Decree.

## A. Principles of Contract Law Compel the Termination of the Consent Decree.

The United States Supreme Court stated in *United States v. ITT Continental Baking Co.*, that "a consent decree or order is to be construed for enforcement purposes basically as a contract." *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 238 (1975). See also *Dean v. City of Shreveport,* 438 F.3d 448, 460 (5th Cir. 2006)("When interpreting a consent decree, general principles of contract interpretation govern."). This court, in deciding whether to terminate the consent decree, must, as the Fifth Circuit Court of Appeals has stated, "begin by looking to the "four corners" of the decree." *United States v. Chromalloy Am. Corp.,* 158 F.3d 345, 350 (5th Cir. 1998). The Fifth Circuit Court of Appeals has also stated that "[c]onsent decrees are construed according to "general principles of contract interpretation." *Frew v. Janek,* 780 F.3d 320, 327 (5th Cir. 2015). Courts are to examine the language of the contract and enforce the objective intent evidenced by the language used. *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.,* 88 F.3d 347, 352 (5th Cir.1996).

The contract in this instance is one between ERI and EWVI, the United States, and the Plaintiff- Intervenors. The consent decree defines not only what is required to be performed by the defendants under the contract, but the requirements for termination of the contract. The United States Supreme Court case of *United States v. Armour & Co.*, states, "the scope of a consent decree must be discerned within its four corners… [T]he instrument must be construed as it is written..." *United States v. Armour & Co.,* 402 U.S. 673, 681-82, (1971). These principles require that the Ergon Consent Decree be carried out in accordance with the mutual intent of the parties, as found within the four corners of the document. *Id.,* at 682. The parties are in agreement that in the instant case, the consent decree, itself, establishes the conditions required for termination and that ERI and EWVI have satisfied those conditions.

Paragraph 81 of the Consent Decree provides that the Consent Decree shall be subject to termination after ERI and EWVI satisfy all requirements listed therein and certify such compliance and completion to the United States and the Plaintiff-Intervenors in writing according to Paragraph 81.

### B. ERI and EWVI Have Satisfied the Conditions of Termination.

All parties herein, by their joint order, contend that ERI and EWVI have met the above conditions, making termination of the Consent Decree appropriate. Their joint assertions follow:

"All parties are in agreement that ERI and EWVI have satisfied the conditions of termination for the Vicksburg Refinery and Newell Refinery. Specifically, ERI and EWVI have (1) installed control technology systems as specified in the Consent Decree; (2) achieved compliance with all provisions in the Consent Decree that apply to the Vicksburg Refinery and the Newell Refinery; (3) paid all penalties and other monetary obligations due under the terms of the Consent Decree, with no penalties or other monetary obligations outstanding or owed to the United States, West Virginia, or Mississippi; (4) completed the Supplemental Environmental Project as set forth in Paragraphs 24 and 25 of the Consent Decree; and (5) received permits incorporating the surviving emission limits and standards established under Section V (Affirmative Relief/ Environmental Projects). (*See* Dkt. No. 12, ¶ 81.A.) Additionally, EPA has received the first progress report from ERI and EWVI following the conclusion of the operation for at least one year of each unit in compliance with the emission limits established under the Consent Decree. (*Id.* ¶ 81.A.vi.) Finally, ERI and EWVI have certified compliance in writing for the Vicksburg Refinery and the Newell Refinery, respectively, to the United States, the state of West Virginia, and the state of Mississippi at least 120 days prior to moving to terminate. (*Id.* ¶ 81.A.vii; *see also* Ex. A.) Accordingly, pursuant to Paragraph 81, this Court should grant the Parties' Joint Unopposed Motion to Terminate the Consent Decree, as it applies to the Vicksburg Refinery and the Newell Refinery."

## III. CONCLUSION

For all the reasons stated, this court has determined that it is in the public interest to terminate the Consent Decree entered in this case back on December 31, 2003 [doc. no. 12] for ERI's Vicksburg, Mississippi refinery and EWVI's Newell, West Virginia refinery. ERI and EWVI have satisfied the conditions that are required for termination, and the Plaintiff, the United States, and the Plaintiff-Intervenors, WVDEP and MCEQ, agree and join in the motion to seek termination. This court, therefore, grants their Joint Unopposed Motion to Terminate the Ergon Consent Decree as to Ergon Refining, Inc. and Ergon-West Virginia, Inc.

**SO ORDERED AND ADJUDGED**, this the 25th day of January, 2019.

                                                    s/HENRY T. WINGATE
                                                  UNITED STATES DISTRICT JUDGE